Clair J. MONSCHEIN and Judith A. Monschein, his wife, Appellees,

v.

Charles PHIFER, Appellant.

Clair J. Monschein and Judith A. Monschein, his wife, Appellants,

v.

Charles Phifer, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 5, 2000.

Filed March 12, 2001.

---

Edward D. Klym, Pittsburgh, for Phifer.

Michael J. Koehler, Erie, for Monschein.

Before DEL SOLE, LALLY–GREEN and BROSKY, JJ.

DEL SOLE, J.:

¶ 1 This action was initiated by Clair Monschein ("Mr.Monschein") and Judith Monschein, ("Mrs.Monschein") his wife, as a result of an automobile accident involving Mr. Monschein and Charles Phifer ("Phifer"). Phifer filed an appeal at 467 WDA 2000. The Monscheins filed a cross-appeal at 497 WDA 2000.

¶ 2 Mr. Monschein was a self-employed master electrician. His wife assisted him in his business, working as a secretary and bookkeeper and was paid for her services. Mr. Monschein was involved in an automobile accident with Phifer in November of 1997. As a result of the accident, Mr. Monschein sustained an injury. Due to the injury, he was unable to perform certain physical aspects of his job. Mr. Monschein asserts that due to this injury and inability to perform aspects of his job, his business suffered financially. Because of these financial problems, Mr. Monschein did not pay his wife her usual wages for the years 1998 and 1999. The Monscheins filed suit against Phifer in order to recover damages for injuries Mr. Monschein suffered.

¶ 3 The matter proceeded to a jury trial in November 1999. In an attempt to establish damages, the Monscheins presented lay testimony on liability as well as the testimony of Dr. Kruszewski and Dr. Lupo, regarding Mr. Monschein's injury. The Monscheins also sought to introduce the expert testimony of Jay K. Jarrell on the issues of loss of earnings and earning capacity of Mr. Monschein. The trial court did not permit Mr. Jarrell to testify as to his original analysis of loss of income to Mr. Monschein's business, which analysis included the factoring in of back wages not paid to Mrs. Monschein for 1998 and 1999, in the amount of $204,005.06. Instead, Mr. Jarrell was permitted to present testimony only on a calculation of loss of income that did not factor in wage expenses owed Mrs. Monschein, in the amount of $87,735.06.

¶ 4 At the close of the case, the trial court directed the jury to find Phifer negligent as a matter of law. The jury awarded the Monscheins $30,000 for loss of earnings and earning capacity, but awarded them $0.00 for past and future physical pain, mental suffering, embarrassment, humiliation, and loss of enjoyment of life. The jury awarded $0.00 for the loss of consortium claim filed by Mrs. Monschein.

¶ 5 The Monscheins filed a motion for post-trial relief. The trial court granted the Monscheins' request for a new trial on the issue of damages, but denied the remainder of the relief requested in the post-trial motion. Phifer filed a timely appeal. Subsequently, the Monscheins filed a timely cross-appeal. Both parties were or-

dered to file Pa.R.A.P.1925(b) statements and both parties complied.

¶6 On appeal, Phifer presents the following issues for our review:

1. Whether the Trial Judge abused his authority in granting the Plaintiff a new trial based on a finding that a $30,000 verdict for the Plaintiff, $30,000.00 lost earnings, zero pain and suffering, zero consortium, shocked the conscience of the Court when the records showed the automobile accident forming the basis of the Plaintiff's claim was an extremely minor impact collision.

2. Whether the Trial Judge erred when he ordered a new trial and limiting the new trial to the issue of damages only.

Phifer's Brief at 3.

¶7 In their cross-appeal, the Monscheins present the following issues:

1. Whether the lower court erred in denying Plaintiff's motion for post-trial relief requesting a new trial on the issue of past and future loss of earnings and earning capacity by striking Plaintiff's economic expert's testimony which included wage expense owed to Plaintiff's wife.

2. Whether the lower court erred in denying Plaintiff's motion for post-trial relief requesting a new trial as the jury's verdict was inconsistent, insufficient and against the weight of the evidence actually presented by Plaintiff's economic expert of a loss without including wage expenses owed to Plaintiff's wife.

Monscheins' Brief at 4.

¶8 We will first address Phifer's appeal. Phifer first contends that the trial judge erred in granting a new trial. It is Phifer's contention that "... the verdict was hardly insufficient, let alone so offensive as to justify a new trial." Phifer's Brief at 7.

¶9 It is well settled that the grant of a new trial is a matter within the discretion of the trial court. *Kiser v. Schulte*, 538 Pa. 219, 648 A.2d 1, 3 (1994). A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634, 636 (1995). In reviewing an order to grant a new trial, the standard of review is limited to whether the trial court abused its discretion. *Kiser*, 648 A.2d at 4. Absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial. *Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116, 1122 (2000).

¶10 The trial court granted the Monscheins' motion for a new trial as to damages only. In support of this determination, the trial court reasoned that the damages awarded in the verdict were so contrary to the evidence as to shock the court's sense of justice. The jury awarded Mr. Monschein $30,000.00 for lost earnings. The trial court, in its opinion, explained that this portion of damages was "... not so inconsistent with the weight of the evidence that it shocks the conscience of the court." Trial Court Opinion, 2/2/00, at 4. Rather, the court stated that it was the jury's failure to award a sum for pain and suffering and other general damages after accepting that Mr. Monschein incurred a pain-related disability that was problematic. The trial court stated:

The entire theory of recovery advanced by Mr. Monschein was that as a result of his accident he incurred an injury which caused him great pain and that because of the pain he could not carry out the responsibilities of his job as an electrician and electrical contractor. It was the pain associated with the injury to his neck and the exacerbation

of the underlying condition that restricted his movement. The jury obviously accepted the fact that he incurred a disabling injury as a result of his pain and awarded him an amount for lost earnings. The jury's failure to award any sum for pain and suffering and other general damages is plainly inconsistent with its decision concerning lost earnings. While the jury was entirely free, based on the record before it, to believe that the extent of Mr. Monschein's disability was less that what he advocated, the question remains as to whether having accepted the notion that he incurred a pain-related disability, it was free to deny him damages for his pain and suffering.

Trial Court Opinion, 2/2/00, at 4.

¶ 11 The court went on to explain further that:

... the Estate [Phifer] did not present any evidence indicating an alternative theory of causation and no serious challenge to liability. It only raised questions as to the extent and lasting effects of Mr. Monschein's injury. Moreover, the jury's award of an amount for lost earnings implicitly acknowledged that Mr. Monschein was not able to work because of the pain associated with his injury. It would appear, therefore, that the jurors either misunderstood or misapplied the court's instruction that the plaintiff was entitled to be fairly and adequately compensated for the pain and suffering he incurred as a result of the negligence of the defendant.

In circumstances such as these, a new trial is required on the issue of damages. The jury's decision to award no amount for general damages was inconsistent with the weight of the evidence, the jury's own conclusions, and the instructions of the court, and as such, "is offen-sive to the conscience and judgment of the court."

Trial Court Opinion, 2/2/00, at 6–7 (citations omitted).

¶ 12 After reviewing the record, we find that the trial court did not abuse its discretion in granting a new trial limited to damages. In *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995), our Supreme Court held that where there is evidence of an injury, an award of zero damages for pain and suffering bears no reasonable relation to the verdict. While a jury is entitled to reject any and all evidence, it is able to do so only up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic. *Neison,* 653 A.2d at 637. While the jury was not required to find or believe that Mr. Monschein had incurred an injury, it is clear from their award for his economic loss that they believed he sustained some injury and was therefore unable to work. Accordingly, in finding that there was in fact an injury, their award of zero dollars for pain and suffering for that injury was inconsistent with the remainder of their verdict. Accordingly, the trial court did not err in granting a new trial as to damages.

¶ 13 Phifer next contends that the trial court erred in granting a new trial on the issue of damages only. Appellant contends that "... if a new trial is required, it should involve issues of both liability and damages." Phifer's Brief at 12. Pennsylvania has adopted a rule permitting the grant of a new trial limited solely to damages under certain specific circumstances. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1, 8 (1994). A new trial limited to the issue of damages will be granted where: (1) the issue of damages is not "intertwined" with the issue of liability; and (2) where the issue of liability has

been "fairly determined" or is "free from doubt." *Id.*

¶ 14 Contrary to Phifer's contentions, this is not a case in which the issue of liability is intertwined with the issue of damages. At trial, Phifer did not strongly contest the issue of liability, rather he raised only questions regarding the extent and lasting effects of Mr. Monschein's injury. Based on the evidence at trial, specifically the lack of evidence supporting the supposition that Phifer was not negligent, the court entered a directed verdict on the issue of negligence. There was no issue for the jury regarding the determination of negligence. The trial court did not err in directing a verdict on the issue of negligence in favor of Mr. Monschein. Furthermore, the issue of liability has been fairly determined and is free from doubt. Accordingly, the trial court did not err in granting a new trial limited solely to the issue of damages.

¶ 15 Moreover, Phifer has failed to preserve this issue for review. In order to preserve an issue for review, it must be objected to at trial and raised in post-trial motions. Pa.R.Civ.P. 227.1. At the time the verdict was directed on the issue of negligence, Phifer did not challenge the directed verdict, nor did he file a post-trial motion raising this issue. Accordingly, Phifer cannot now challenge the directed verdict entered on the issue of negligence.

¶ 16 We will next address the issues raised by the Monscheins in their cross-appeal. First, the Monscheins contend that the trial court erred in striking the testimony of their expert witness regarding calculation of economic loss to Mr. Monschein which included wages not paid to Mrs. Monschein.

¶ 17 The Monscheins' economic expert, Mr. Jarrell, first testified that Mr. Monschein's economic loss due to his injury would amount to a total of $204,005.06.

Mr. Jarrell testified that he arrived at this number by adding the net profit from the business income tax returns to the expenses of wages paid to Mrs. Monschein prior to the accident and which she was not paid after the accident. Defense counsel objected to this calculation and the trial court sustained the objection. Upon recalculating the number without including wages paid to Mrs. Monschein, and using the same analysis previously used, Mr. Jarrell arrived at a calculation of total loss of $87,735.06. The trial court refused to allow Mr. Jarrell's testimony of the original calculation of loss of $204,005.06, but allowed the testimony regarding the calculation of total loss of $87,735.06.

¶ 18 The trial court explained its reasons for not allowing the testimony of the original calculation of loss as follows:

With regard to the Court's limiting the testimony of plaintiff's economic expert, the record reveals that the plaintiff failed to lay an appropriate foundation for the introduction of the evidence concerning Mrs. Monschein's lost wages and as such the Court excluded the testimony. Mrs. Monschein did not have a direct claim for lost wages before the jury, only her derivative claim for loss of consortium was pled. Pa.R.E. 402, states that, "Evidence that is not relevant is not admissible." The plaintiff did not establish through its economic expert or otherwise how Mrs. Monschein's lost wages were relevant to her husband's economic loss and, as such, were not relevant to the issue before the jury and properly excluded.

Trial Court Opinion, 2/2/00, at 8.

¶ 19 Upon review, we agree with the trial court that Mr. Jarrell should not have been permitted to testify about the calculation of loss which included loss of wages to Mrs. Monschein in providing the calcula-

tion of economic loss to Mr. Monschein. Accordingly, this claim lacks merit.

¶ 20 The Monscheins next contend that the trial court erred in denying their motion for post-trial relief requesting a new trial as the jury's verdict on economic damages was against the weight of the evidence presented by Mr. Jarrell. The order of the trial court provides that a new trial has been granted, limited to the issue of damages. The order does not provide that the new trial is limited to the issue of pain and suffering and other general damages. As such, a new trial will be conducted solely on the issue of damages. Accordingly, the slate is wiped clean and the jury will be responsible for determining appropriate damages. Accordingly, this is a non-issue.

¶ 21 Order affirmed.