773 A.2d 764

**Jody R. DAVIS, Appellee,**

**v.**

**Jeffrey D. MULLEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 27, 2001.

Decided June 19, 2001.

Frank J. Micale, Pittsburgh, for Jeffrey D. Mullen.

John J. Petrush, Beaver, for Jody R. Davis.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NEWMAN, Justice.

Jeffrey D. Mullen ("Mullen") appeals from an Order of the Superior Court, which reversed the decision of the Court of Common Pleas of Beaver County and granted Jody R. Davis ("Davis") a new trial. For the reasons discussed in this Opinion, we reverse. The trial court acted within its discre-

tion when it denied Davis' motion for a new trial because, under the facts of this case, the jury's decision not to award damages for pain and suffering was not inconsistent with its simultaneous award of medical expenses. *Catalano v. Bujak,* 537 Pa. 155, 642 A.2d 448 (1994).

## FACTS AND PROCEDURAL HISTORY

On Friday, March 17, 1995, at approximately 1:45 a.m., Mullen fell asleep behind the wheel of his Ford Tempo while driving along Route 68 in Industry, Pennsylvania. The Tempo crossed the line dividing the two-way road and collided, head-on, with Davis' fully loaded tractor-trailer. The tractor-trailer traveled up an embankment and turned onto its right side.

From the scene of the accident, an ambulance took Davis to the local hospital, where hospital staff examined, x-rayed, and discharged him the same morning with a prescription to obtain medication for pain. Davis testified that he was in pain over the weekend, but that on Monday, March 20, 1995, he resumed his ten hour-a-day, five to seven day-a-week, work schedule driving the tractor-trailer.

Twenty days after the accident, on April 6, 1995, Davis began treatment with a chiropractor, Dr. Scott Owens. Davis reported to Dr. Owens that he had pain in his low back and neck and a tingling feeling running down his leg. Dr. Owens diagnosed Davis with a muscle spasm and misalignment of the cervical spine. After twenty visits with Dr. Owens, Davis stopped treatment and has not sought any further therapy or taken any pain medication for the injuries.

On March 6, 1997, Davis sued Mullen for damages arising out of the accident. At trial, Mullen admitted liability for the accident, but disputed the extent of Davis' injury. Dr. Owens testified that he could not say for certain if the spinal injury was related to the accident or from another cause, including any one of the three prior automobile accidents that Davis admitted to being involved in. Davis denied that the other accidents caused his injuries.

The jury awarded Davis $4,218.44 as compensation for his medical expenses and payment for the personal property that Davis claimed was damaged in the accident. Davis filed a motion for a new trial, arguing that the damages were grossly inadequate because they merely reflected the sum of his medical expenses and personal property loss and did not compensate him for pain and suffering.[1] The trial court denied the motion.

On May 31, 2000, the majority of the Superior Court, relying exclusively on *Dougherty v. McLaughlin*, 432 Pa.Super. 129, 637 A.2d 1017 (Pa.Super.1994), determined that the damage award was inconsistent with the evidence presented. Accordingly, it vacated the judgment, and remanded for new trial. *See Davis v. Mullen*, 755 A.2d 693 (Pa.Super.2000). The Honorable J. Michael Eakin filed ·a dissenting opinion.

## DISCUSSION

In reviewing an order denying a motion for a new trial, an appellate court should not set aside a trial court's decision unless the trial court's decision was an abuse of discretion. *Catalano v. Bujak*, 537 Pa. 155, 642 A.2d 448, 450 (1994). "A new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice [and not] where the evidence is conflicting [or] where the trial judge would have reached a different conclusion on the same facts." *Henery v. Shadle*, 443 Pa.Super. 331, 661 A.2d 439, 441, *allocatur denied*, 542 Pa. 670, 668 A.2d 1133 (1995).

We have held that it is the duty of the trial court "to control the amount of the verdict; it is in possession of all the facts as well as the atmosphere of the case, which will enable it to do more evenhanded justice between the parties than can an appellate court." *Catalano*, 642 A.2d at 450 (quoting *Bochar v. J.B. Martin Motors, Inc.*, 374 Pa. 240, 97 A.2d 813,

---

1. At trial, Davis presented evidence that his medical expenses relating to the accident totaled $3,901.00 and that he sustained personal property damage in the amount of $317.44. Thus, the sum of his medical expenses and damage to personal property totaled $4,218.44, the exact amount awarded at trial.

814 (1953)). Thus, "a jury verdict is set aside for inadequacy when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff." *Kiser v. Schulte*, 538 Pa. 219, 648 A.2d 1, 4 (1994) (citing *Elza v. Chovan*, 396 Pa. 112, 152 A.2d 238 (1959)). Hence, a "reversal on grounds of inadequacy of the verdict is appropriate only where 'the injustice of the verdict [stands] forth like a beacon.'" *Hawley v. Donahoo*, 416 Pa.Super. 469, 611 A.2d 311, 312 (1992) (quoting *Elza*, 152 A.2d at 241).

In this Opinion, we attempt to reconcile two lines of cases. In the first line of cases, we have affirmed trial court decisions granting new trials where juries awarded medical expenses, but declined to award damages for pain and suffering. *See e.g., Todd v. Bercini*, 371 Pa. 605, 92 A.2d 538 (1952) and *Yacabonis v. Gilvickas*, 376 Pa. 247, 101 A.2d 690 (1954). In the second line of cases, we have upheld jury verdicts awarding medical expenses without corresponding awards for pain and suffering. *See e.g., Catalano v. Bujak*, 537 Pa. 155, 642 A.2d 448 (1994), and *Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988). Our holding today synthesizes these seemingly inconsistent holdings.

██ Today, we hold that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering.

### *The First Line of Cases: Trial Courts' Authority to Grant a New Trial When Juries Award Medical Expenses but Decline to Award Damages for Pain and Suffering*

This Court has previously upheld the authority of trial courts to order new trials where the jury's award of medical expenses, without awarding damages for pain and suffering, was inconsistent and "totally inadequate". *See e.g., Todd v.*

*Bercini,* 371 Pa. 605, 92 A.2d 538 (1952) and *Yacabonis v. Gilvickas,* 376 Pa. 247, 101 A.2d 690 (1954). In both cases, the plaintiffs' injuries were too severe for the trial courts to have had a reasonable basis to believe that the juries' awards of medical expenses, without compensation for pain and suffering was based on any determination properly in province of the juries. Accordingly, we found that the trial court judges correctly granted the plaintiffs new trials.

In *Todd,* the plaintiff ("Mrs.Todd") sustained serious, permanent injuries to her neck when the car in which she was a passenger, collided with a utility pole. Her doctor testified that her injuries limited her range of motion, she would have "a certain protrusion in the neck, that she would suffer pain for the rest of her life and that she was at least 30 to 40% disabled." *Todd* at 538. She was also unable to perform her responsibilities as a nurse. The jury rendered a verdict that awarded medical expenses related to Mrs. Todd's injury, but did not award anything for pain and suffering or lost wages. The trial court granted Mrs. Todd's motion for a new trial.

We agreed and observed that:

If Mrs. Todd was entitled to a verdict from the defendant because of the injuries he inflicted upon her as a result of his negligence, she was entitled to *all* the law provides in such case. And the items of pain, suffering and inconvenience, as well as loss of wages and impairment of earning power, are inevitable concomitants with grave injuries when suffered by a wage-earner. A jury may not eliminate pain from wounds when all human experience proves the existence of pain, and it may not withhold lost wages when the evidence in the case uncontradictedly establishes the loss of wages as the result of the negligence which they, the jury, have adjudicated against responsible defendant. When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then capriciously cut off a portion of that loaf as it hands it to the plaintiff.

*Todd* at 539. Accordingly, we found that the verdict was totally inadequate and that the trial court properly granted Mrs. Todd a new trial. *Id.*

Similarly, in *Yacabonis,* 376 Pa. 247, 101 A.2d 690, we held that the trial judge also correctly granted the plaintiffs' motion for a new trial. In *Yacabonis,* Patsy Yock, a minor, and Anna Gabis, age 66, sustained injuries in an automobile accident with defendant Gilvickas. As a result of the accident, Patsy lost consciousness and received cuts that required ten stitches to close. The accident also left her with a disfiguring scar above her left eyebrow. The jury did not award her any damages for pain and suffering, but awarded her father $105 for her medical expenses. Ms. Gabis, a passenger in the same car as Patsy, sustained even more serious injuries. "[S]he was hospitalized for 19 days and then taken home and remained in bed for four months ... Eight of her ribs were fractured, she contracted pneumonia while hospitalized and was in an oxygen tent for twelve days ... She was unable to do any work for 14 months." *Id.* at 692. Nevertheless, the jury awarded her $1,121, an amount that was less than the total of her property damages and medical expenses. We affirmed the trial court's determination that a new trial was appropriate. Because of the relatively serious nature of the plaintiffs' injuries, we held that the jury's determination that they did not suffer pain was "totally inadequate" and required a new trial. *Id.* at 692.

### The Second Line of Cases: Jury Award of Medical Expenses Not Necessarily Inconsistent with Its Decision Not to Award Damages for Pain and Suffering

In the second line of cases, we focused on the power of the jury as the ultimate finder of fact and the need for the judiciary to guard against usurping the role of the jury. With those policies in mind, we have held that a jury award of medical expenses without a corresponding award of damages for pain and suffering, is not necessarily inconsistent. *See e.g., Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988), *Catalano v. Bujak,* 537 Pa. 155, 642 A.2d 448 (1994).

*Boggavarapu* was a dog bite case. Specifically, Ponist's dog bit Boggavarapu. At the hospital, Boggavarapu received a band-aid and two tetanus shots. In addition to his injury from the dog bite, Boggavarapu claimed that the tetanus needle pierced his sciatic nerve, thereby, injuring him. Boggavarapu sued Ponist and Ponist joined the hospital. The jury found that the hospital and the doctor were not negligent and awarded Boggavarapu only $42.60, the cost of his treatment in the emergency room. 542 A.2d at 517–518.

The trial court granted a new trial. The court noted that if the jury had awarded the plaintiff *any* damages for pain and suffering, no matter how small, the court would not have granted a new trial. *Id.* at 518. The Superior Court affirmed. We reversed and found that the trial court improperly granted Boggavarapu a new trial. We observed that:

> [juries] are not to be faulted ... if they do not believe all they are told and all that their common experience does not accept. That is not to say, they may disregard an obvious injury. It is, however, to say that they are not obliged to believe that every injury causes pain or the pain alleged.

*Id.*

We also cautioned trial courts that when they grant a motion for a new trial they should explain why they believe that the jury's verdict was unjust. We stated that:

> we do not mean to imply that there are magic, invocatory words that of themselves will justify a new trial. What we expect is that, along with the evidence, a trial judge's impression and analysis of that evidence will be fully articulated, leaving no doubt, at least in his mind, that the evidence and the verdict on that evidence represent an injustice. However, [the trial judge's statement that] an award of damages "no matter how small" does not implicate such concepts of justice as would warrant a new trial in this case.

*Id.* at 519.

Similarly, in *Catalano,* we upheld the jury's decision awarding damages for the plaintiff's medical expenses, but declining

to award any money for pain and suffering. Catalano claimed that a police officer injured him when the officer used excessive force in the course of his arrest. The officer presented evidence that he did not cause the plaintiff's injuries. When the jury awarded Catalano medical expenses but no damages for pain and suffering, Catalano moved for a new trial, claiming that the verdict was inconsistent. The trial court denied the motion. The Commonwealth Court reversed.

We vacated the order of the Commonwealth Court and determined that the trial court's decision denying the plaintiff's motion for a new trial was not an abuse of discretion. *Catalano*, 642 A.2d at 451. We held that "the jury simply disbelieved evidence in excess of what it awarded ... and did not believe that pain and suffering, for example, or missed work, resulted from the injury which [the defendant] ... caused." *Id.* The two findings were not inherently inconsistent because it was reasonable to believe that the "jury simply disbelieved evidence of damages in excess of what it awarded." *Id.* Accordingly, we vacated the decision of the Commonwealth Court and reinstated the jury verdict. *Id.* at 448.

However, almost five months before this Court rendered its July 1994 decision in *Catalano*, the Superior Court rendered a decision in *Dougherty v. McLaughlin*, 432 Pa.Super. 129, 637 A.2d 1017 (1994) where it faced a similar issue. In *Dougherty*, the jury awarded plaintiff damages for his medical costs, but failed to compensate him for pain and suffering. 637 A.2d at 1017. Dougherty presented "uncontradicted medical evidence that his two days hospitalization included treatment for injuries to the face, neck, and head resulting in permanent scarring and nerve damage, a fractured rib, whiplash, a concussion, and torn shoulder ligaments." *Id.* at 1018. Moreover, after the accident, he underwent a surgery and three scar revisions in an attempt to make the scars less obvious. *Id.*

Citing and relying extensively on the Commonwealth Court's decision in *Catalano*, the Superior Court held that the award of damages was inconsistent because the jury awarded damages for the medical expenses, but did not award damages for pain and suffering. *Id.* at 1019. Accordingly, it remanded

the case for a new trial. *Id.* The parties did not appeal the Superior Court's *Dougherty* decision to this Court.

■■ In the present case, relying exclusively on *Dougherty,* the Superior Court similarly held that a jury award is inconsistent if it compensates for medical expenses stemming from the claimed injuries, but does not compensate for pain from those injuries. By following *Dougherty,* the Superior Court foreclosed juries from making essential determinations that are within their purview. Those determinations include, *inter alia,* whether the defendant caused the plaintiff's injuries and whether the plaintiff suffered from compensable pain. Indeed, the existence of compensable pain is an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain. *See e.g., Catalano, supra; Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988); *Hawley v. Donahoo,* 416 Pa.Super. 469, 611 A.2d 311 (1992). Accordingly, we specifically reject the Superior Court's application of a *per se* rule precluding a jury from awarding medical expenses without damages for pain and suffering.

### Applying the Law to Davis' Injury

■■ When a jury awards medical expenses, but declines to award damages for pain and suffering, the award may be inconsistent because pain usually follows injury. *Todd,* 92 A.2d at 539. However, under the facts of this case, the Superior Court should not have disturbed the jury's verdict because the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, and/or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering.

In this case, the trial court found that Mullen's attorney was able to elicit testimony that undermined Davis' brief testimony about his pain and suffering. On cross-examination, Davis admitted that: he did not miss any work as a result of the accident; he waited twenty days after the accident before visiting a doctor; he quit treatment after only twenty visits with the doctor; and, he has not received any medical treat-

ment for the injuries he claims to have suffered as a result of the accident since July of 1995. Davis' doctor also admitted that he could not say for certain if the spinal injury was related to the accident or whether it was caused by some other event.

The trial judge found that:

From the evidence presented, the jury could have believed that Plaintiff's pain was not a result of the accident, since he did not seek treatment from Dr. Owen until twenty days after the accident and then treated with him for a limited period. The jury could have believed that the Plaintiff suffered no pain.

*Davis v. Mullen,* Trial Court Opinion, July 9, 1999 at 9. Accordingly, we determine that the trial court properly exercised its discretion when it denied Davis' motion for a new trial because there was a reasonable basis for the jury believe: (1) that Davis did not suffer pain and/or (2) that his alleged injury was not caused by the negligence of the defendant.

### CONCLUSION

Therefore, we reverse the order of the Superior Court.