## Sebesta v. Shaihar Corporation

*Robert J. Magee,* for plaintiffs.
*John W. Ashley,* for defendants.

McGINLEY, *J.,* June 18, 2004—Before this court is the post-trial motion of the plaintiffs seeking a new trial

on damages. The issue is whether a verdict awarding both medical expenses and lost wages are so inconsistent with a verdict of $1 for pain and suffering as to require a new trial.

## FACTUAL BACKGROUND

The plaintiff, Eugene Sebesta, was injured on February 1, 2001, when he slipped and fell on a patch of ice while delivering dairy products to Sims Quality Market, which is owned and operated by defendant, Shaihar Corporation.

The case was tried before a jury from February 9, 2004 through February 13, 2004. At trial, Sebesta presented medical evidence of injury and a diagnosis of a torn lateral and medial meniscus (knee) and a fractured pars interarticularis (spine).[1] Further evidence included x-rays, taken the day after the fall, which revealed slippage of one vertebra over the next. Sebesta returned to employment on a restricted duty basis in April 2001, but presented evidence that his condition worsened over the next 10 months.[2] On December 5, 2001, Sebesta underwent surgery, which included a spinal fusion, a procedure to ease pressure on his nerve roots and the insertion of titanium rods and pedicle screws.[3] During recovery and rehabilitation, Sebesta's knee injury became symptomatic and he underwent arthoscopic surgery. He returned to work in August 2003.

---

1. Notes of testimony (N.T.) 15, 20-21, 30.
2. N.T. 20-21, 30, 32-35.
3. N.T. 17-18.

Sebesta presented evidence that as a result of the injuries he incurred a wage loss of $41,300 and medical expenses of $37,700.

Following deliberation, the jury returned with a verdict in favor of Sebesta. The jury apportioned liability equally finding both the defendant and the plaintiff 50 percent negligent. Finding that the defendants' negligence was a factual cause of the injury, the jury awarded Sebesta $41,300 for lost wages and $37,700 for medical expenses, but returned a zero verdict for other non-economic damages (pain and suffering). The jury also awarded zero on Roberta Sebesta's loss of consortium claim.

Following the reading of the verdict, this court instructed the jury that "the law does not permit a zero number" for the noneconomic damages line, but that "the law allows any other number . . . ."[4] The jury then returned with an amended verdict reflecting an award for noneconomic damages in the amount of $1.

Plaintiff now seeks a new trial on damages, arguing that a verdict of zero or $1, together with an award of wage loss and medical expenses, is inconsistent and/or against the weight of the evidence.

## DISCUSSION

"It is well settled that the grant of a new trial is a matter within the discretion of the trial court." *Monschein v. Phifer,* 771 A.2d 18, 20 (Pa. Super. 2001); *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994). A new trial may only be

---

4. N.T. 129-30.

granted when the jury's verdict is so contrary to the evidence that it "shocks one's sense of justice." *Neison v. Hines,* 539 Pa. 516, 520, 653 A.2d 634, 636 (1995).

The Supreme Court has held that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed unless the trial court has a reasonable basis to believe that: "(1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a pre-existing condition or injury was the sole cause of the alleged pain and suffering." *Davis v. Mullen,* 565 Pa. 386, 391, 773 A.2d 764, 767 (2001).

This idea is balanced by the idea that a jury cannot eliminate pain from wounds, when all human experience proves the existence of pain, and it may not withhold lost wages when the evidence in the case clearly establishes the loss of wages as the result of the negligence which they, the jury, have adjudicated against a responsible defendant. *Id.,* citing *Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952).

Having reviewed the record in this case, there is no reasonable basis to believe that the jury did not believe the plaintiff experienced any pain and suffering, nor that a pre-existing condition was the sole cause of the alleged pain and suffering. The jury apportioned 50 percent of the responsibility to defendants and awarded lost wages and full medical expenses incurred as a result of Sebesta's injury.

Further, human experience dictates that any injury that would result in significant medical expenses and lost wages must include pain and suffering. That Sebesta suffered a fracture of the spine and a knee injury, both of

which required surgical intervention and treatment, virtually assures pain and suffering.

In the case of *Monschein v. Phifer,* 771 A.2d 18 (Pa. Super. 2001), the jury awarded plaintiff $30,000 for lost earnings, but failed to award for pain and suffering. In granting a new trial on the issue of damages, the Superior Court recognized that the jury obviously accepted the fact that the plaintiff incurred a disabling injury as a result of his pain by awarding him an amount for lost earnings. However, they also recognized that the jury's failure to award a sum for pain and suffering and other general damages, after accepting that the plaintiff incurred a pain-related disability, was problematic. *Id.* at 20-21.

The court held that "in circumstances such as these, a new trial is required on the issue of damages. The jury's decision to award no amount for general damages was inconsistent with the weight of the evidence [and] the jury's own conclusions . . . and as such, 'is offensive to the conscience and judgment of the court.' " *Id.* at 21.

Likewise, the jury in this case clearly accepted that Sebesta incurred a disabling injury, awarding him lost wages, and that he incurred medical expenses as a result of those injuries, awarding medical expenses. Yet the jury failed to award damages for pain and suffering. This failure to award for noneconomic damages is inconsistent with the weight of the evidence and the jury's own conclusions, and requires a new trial limited to the issue of damages.

Accordingly, plaintiff's motion for a new trial on the issue of damages is granted.