# Dorsett v. J.J. White Inc.

C.P. of Philadelphia County, April Term 2004, no. 8729.

*R. Thomas Price,* for plaintiff.

*Robert J. Siegel* and *William McGovern,* for defendant J.J. White.

*Joseph F. Vanhorn Jr.,* for defendant Sunoco.

SMITH, *J.,* January 24, 2007—This is a civil action for personal injuries that plaintiff claimed arose from an automobile accident that occurred on November 12, 2002. The action was tried before this court and a jury beginning May 24, 2005. On June 2, 2005 the jury returned a verdict finding defendant J.J. White negligent, but concluding that the defendant J.J. White's negligence was not a factual cause of plaintiff's injury.

This appeal followed.

## FACTS

Plaintiff, a 37-year-old male, was a construction laborer employed by a company identified as Construction Turnaround Services (CTS). Plaintiff was employed to chip paint from inside petroleum tanks located on the grounds of Sunoco Oil Company in South Philadelphia. Plaintiff was a member of laborers Local 332 and the chipping job was identified as "the 868 project." (N.T. 5-25-05, 1-5.) Because the tanks were centrally located on the Sunoco property, plaintiff and other workers drove their cars to a perimeter parking lot and rode on a subcontractor's truck to the work area. According to plaintiff's evidence, the truck on which he was riding just before his injury was owned by defendant J.J. White. J.J. White, however, denied ownership in pleadings and during evidence at trial.

On November 12, 2002, while riding on the aforementioned truck, plaintiff fell from the cargo area in the rear of the vehicle and sustained the injuries complained of in this action. On the date of the incident, co-worker Gregory Brown testified that it was raining and that after clocking out at approximately 5:15 p.m., he and the plaintiff boarded the truck, described as a cargo van. The rear of the truck was filled with workers and there was no place to sit. During the ride, plaintiff fell from the vehicle, hit the ground and rolled over. The witnesses recalled seeing blood on the plaintiff's hands and that he appeared to "be in shock." The plaintiff was taken from the scene to the hospital in an ambulance. (N.T. 5-25-05, 11-19.)

## DISCUSSION

Following deliberations, the jury returned a verdict finding the defendant J.J. White negligent. The trial evidence included facts that defendant White routinely left keys in vehicles which were used by workers to transport laborers from the parking lot to the work site. The actual driver on the date of plaintiff's injury was not identified. The jury, however, in a specific interrogatory on the verdict sheet found that defendant White's negligence was not a factual cause of plaintiff's injury.

In post-trial motions, plaintiff essentially makes a weight of evidence argument to the effect that the jury verdict was such that it shocked the conscience and should be set aside in light of the uncontradicted evidence produced at trial. The trial evidence included facts that plaintiff incurred the sum of $19,396.70 in medical

expenses and $42,694 in lost wages. Plaintiff argues that the above evidence combined with the uncontradicted expert testimony of his expert Dr. Bowden on medical causation entitled him to a new trial in light of the jury's findings. *Campagna v. Rogan,* 829 A.2d 322, 327 (Pa. Super. 2003).

The defendant responded that plaintiff waived his right to challenge the jury finding of no factual cause because his initial challenge was premised upon the theory that the jury unlawfully ignored the uncontradicted evidence on damages and not factual cause. The court rejected the defendant's waiver argument. Plaintiff filed post verdict motion within 10 days as required by Pa.R.C.P. 221 and the issues of the jury verdict were sufficiently described therein to avoid any waiver.

Nonetheless, plaintiff's post trial motions were properly denied because plaintiff's argument ignores evidence that the jury heard, from which it might have reasonably concluded that the driver of the vehicle from which plaintiff fell was someone other than a J.J. White employee. In addition, plaintiff's action in boarding an overcrowded vehicle might have been viewed by the jury as a "factual cause" for his injury. The decision reached by the jury was not so contrary to the evidence as to shock one's conscience. To the contrary, based upon the evidence the finding of negligence without factual cause was within the jury's purview based on the trial evidence. *Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001).

For the above reasons the judgment of this court should be affirmed.