

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Brennan v. Durgi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Brennan v. Durgi" (2008). *2008 Decisions.* Paper 364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3323

———————

WILLIAM J. BRENNAN;
MARY BRENNAN,

Appellants

v.

*PARTHSARATHY DURGI;
JAMES ARKUSZEWSKI;
STEPHEN ARKUSZEWSKI

*(Amended per Clerk's Order of 08/24/07)

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 06-cv-01338)
District Judge: The Honorable Mary A. McLaughlin

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2008

Before: SCIRICA, McKEE, and SMITH, *Circuit Judges*

(Filed: October 15, 2008)

———————

OPINION OF THE COURT

———————

MCKEE, Circuit Judge.

Mary and William Brennan appeal the district court's order upholding a jury verdict that awarded them $100 each as the result of a motor vehicle accident. For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties, a lengthy retelling of the facts is not necessary. The Brennans contend that their minimal jury awards are "functional equivalents of no damages" and so inadequate as to require a new trial. Brennans' Br. at 16-17. We review the district court's denial of a new trial for an abuse of discretion. *Waldorf v. Shuta*, 142 F.3d 601, 621 (3d Cir. 1998). Our review is governed by state law, and the parties agree that Pennsylvania law governs. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 419 (1996). Under Pennsylvania law, an award of damages is not be disturbed absent a clear showing of "caprice, prejudice, partiality, corruption or some other improper influence." *Ferrar v. Trs. of the Univ. of Pa.*, 573 Pa. 310, 343 (Pa. 2002). When a jury refuses to award more than minimal damages for pain and suffering, the verdict must be allowed to stand if there is any reasonable basis to conclude that plaintiffs did not suffer pain or that a pre-existing condition caused the pain they complained of. *Davis v. Mullen*, 773 A.2d 764, 770 (Pa. 2001).

Although plaintiffs alleged that the collision that occurred here was sufficient to result in the injuries they complained of, the severity of the collision was disputed. Contrary to the plaintiffs' suggestion that the impact was severe, Mr. Arkuszewski testified that he did not even realize that his car touched the plaintiffs' car until after the

2

accident when Mr. Brennan informed him there had been a collision. Moreover, there was evidence that both plaintiffs suffered from the effects of preexisting conditions. Mr. Brennan was suffering from prior injuries and Mrs. Brennan had been injured in an earlier accident in 2000, as well as a fall in 2002 that left her unable to work. Thus, the jury's decision to deny recovery for pain and suffering resulting from this accident does not "defy common sense and logic." *Neison v. Hines*, 653 A.2d 634, 637 (Pa. 1995). Accordingly, the district court did not abuse its discretion in refusing to grant a new trial.

Plaintiffs also contend that the district court erred by not allowing a medical expert to testify about a report prepared by another expert. However, the district court's ruling was a correct application of the limitations set forth in Fed. R. Evid. 801(c). Plaintiffs incorrectly argue that Dr. Maher should have been able to testify as to the "diagnosis and treatment" of Mrs. Brennan's shoulder injury described in Dr. McPhilemy's report. The district court was not persuaded by that argument, and neither are we. The district court correctly concluded that the chiropractor "cannot be the vehicle through which Dr. McPhilemy's opinions would get to the jury. There would be no one for the defendants to cross-examine with respect to that opinion." "[A] chiropractor can not substitute for a medical doctor in giving his report." Nevertheless, the court allowed Dr. Maher to give his own opinion about Mrs. Brennan's shoulder injury.

Moreover, the district court clearly explained that Dr. McPhilemy's report had not been timely filed, and plaintiffs offered no explanation for the late filing. *See Franklin Music Co. v. Am. Broad. Cos., Inc.*, 616 F.2d 528, 539-40 (3d Cir. 1979).

3

## III.

For all of the above reasons, we will affirm the district court's Judgment in Accordance with the Jury Verdict, and the denial of the Brennan's Motion for Post-Trial Relief.