J-A30001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICA WILSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOYCE BRODY | |
| Appellee | No. 731 EDA 2014 |

Appeal from the Judgment Entered June 16, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term 2011 No. 01251

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 04, 2015**

Appellant, Mica Wilson, appeals from the June 16, 2014 judgment entered in her favor and against Appellee, Joyce Brody, in the amount of $500.00.  After careful review, we affirm.

The trial court summarized the relevant background of this case as follows.

> The relevant facts in this motor vehicle accident are not in dispute.  This case involves a rear-end accident resulting in injury to [A]ppellant for which she received medical treatment.
>
> …
>
> On December 7, 2011, Appellant … commenced this action for damages resulting from a motor vehicle accident against [A]ppellee ….  The

---

[*] Former Justice specially assigned to the Superior Court.

matter proceeded to trial before the Honorable Gary F. DiVito. At trial, [A]ppellee conceded liability. Appellant offered testimony regarding the nature and extent of her injuries. Both parties offered expert medical testimony. The only issue left for the jury's determination was the extent of pain and suffering [A]ppellant sustained.

On September 12, 2013, after a period of deliberation, the jury initially returned a verdict for no damages. Appellant's counsel motioned for a mistrial; the motion was denied. Judge DiVito directed the jury to award some compensation.

Upon further review, the jury returned a verdict in favor of [A]ppellant and assessed damages in the amount of five hundred dollars ($500.00). Post[-]trial motions for a new trial, *additur* and delay damages were timely filed. Oral arguments were heard on January 15, 2014. On January 31, 2014, Judge DiVito denied said motions.

On February 24, 2014, Appellant filed this [timely notice of] appeal. A [c]oncise [s]tatement of [matters complained] of on [a]ppeal [was] requested on March 14, 2014 and timely provided.

Trial Court Opinion, 4/8/15, at 2.

On appeal, Appellant raises the following three issues for our review.

I. Whether [t]he [t]rial [c]ourt [e]rred, [a]bused [i]ts [d]iscretion, and [c]ommitted [r]eversible [e]rror, by not granting a new trial in light of a jury verdict that is based on partiality and bias and was opposite of the [trial] court's instruction that the verdict must fairly and adequately compensate Appellant for her losses[,] especially when with the [trial] courts [sic] instruction the jury returned an award of $0[?]

II. Whether [t]he [t]rial [c]ourt [e]rred, [a]bused [i]ts [d]iscretion, and [c]ommitted [r]eversible

- 2 -

[e]rror, in not applying *additur*, in light of the jury's award of $500, which award bore no reasonable relationship to … Appellant's loss[?]

III. Whether [t]he [t]rial [c]ourt [e]rred, [a]bused [i]ts [d]iscretion, and [c]ommitted [r]eversible [e]rror in failing to award … Appellant delay damages for relief of bodily injury, which beg[an] from the date one year after the date original process was first served in the action up to the date of the award, verdict, or decision[?]

Appellant's Brief at 4.

We elect to address Appellant's first two issues together. Appellant argues the trial court erred in denying her motion for a new trial on damages or in the alternative her motion for *additur* on the same basis. Appellant's Brief at 13, 16-17. We begin by noting our standards of review.

> Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

*Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super. 2013) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). In addition, "[w]here an appellant's claim arises from a challenge to the jury's determination of damages, our review is highly circumspect." *Helpin v.*

*Trustees of Univ. of Pa.*, 969 A.2d 601, 616 n.9 (Pa. Super. 2009) (citation omitted), *affirmed*, 10 A.3d 267 (Pa. 2010).

> The duty of assessing damages is within the province of the fact-finder and should not be interfered with unless it clearly appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more. To support the granting of a new trial for inadequacy, the injustice of the verdict should stand forth like a beacon. So long as the verdict bears a reasonable resemblance to the damages proved, it is not the function of the court to substitute its judgment for that of the jury.

*Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 314 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 1212 (Pa. 2011).

Instantly, Appellant avers that the jury's award of $500.00 "bears no reasonable relationship to the evidence offered at trial." Appellant's Brief at 13. Appellee counters that the jury was free to disbelieve Appellant's evidence and award the amount that it deemed appropriate. Appellee's Brief at 9.

Our Supreme Court has held the following relevant to Appellant's claims.

> [A] jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a

> preexisting condition or injury was the sole cause of the alleged pain and suffering.

***Davis v. Mullen***, 773 A.2d 764, 767 (Pa. 2001). Furthermore, this Court has explained that "a jury is not required to award a plaintiff any amount of damages if it believes that any injury plaintiff suffered was insignificant." ***Majczyk v. Oesch***, 789 A.2d 717, 724 (Pa. Super. 2001) (*en banc*) (citation omitted). "[T]he determination of what is a compensable injury is uniquely within the purview of the jury." ***Id.*** at 726. "[A] jury is always free to believe all, part, some, or none of the evidence presented." ***Id.*** at 725-726 (citation omitted).

In this case, Appellant presented the expert testimony of Dr. Mark Allen who testified that approximately one month after the accident Appellant suffered from "[c]ervical spine, sprain and strain with right cervical radiculopathy, rule out herniated disk." N.T., 7/25/13, at 26.[1] Dr. Allen further testified that two years after the motor vehicle accident, Appellant suffered from "[c]hronic posttraumatic sprain cervical spine. Cervical disk bulges C 2-3, C 3-4, C 4-5 and C 5-6. Status post cervical spine epidural injection. Cervical radiculopathy and chronic posttraumatic right shoulder strain." ***Id.*** at 44. Appellant also received more than one set of facet

---

[1] Dr. Allen gave a videotaped deposition at which he testified to the above. Dr. Allen's deposition was admitted into evidence at trial and played for the jury. N.T., 9/10/13, at 85.

injections, including a set from Dr. Mansfield at Massachusetts General Hospital in Boston.[2]  N.T., 9/11/13, at 53.  Appellant testified that she continues to suffer occasional pain three to four times a week as of the time of trial.  *Id.* at 64.

On cross-examination, Appellant testified that at the time of the accident she had no injuries.  *Id.* at 78-79.  Appellant testified that she was able to get out of her car after the accident, as well as lift up the back gate of the Mercedes SUV she had been operating, all without incident.  *Id.* at 79, 81.  Appellant told the police who arrived on the scene that she did not require an ambulance.  *Id.* at 81.  Appellant also testified that she was able to continue to work for her mother after the accident until she left to attend graduate school at Harvard.  *Id.* at 102.  Dr. Allen also testified that after receiving five physical therapy sessions, she was discharged with an "excellent prognosis."  N.T., 7/25/13, at 63.  Dr. Allen agreed that this was a "good sign" for Appellant.  *Id.*

In addition, Appellee presented the expert testimony of Dr. Ira Sachs, a doctor of orthopedic medicine, in the form of a videotaped deposition.  N.T., 9/11/13, at 127.  Dr. Sachs testified that he examined Appellant on September 12, 2012, in addition to reviewing her medical records.  N.T., 1/30/13, at 19.  Dr. Sachs testified that Appellant had no residuals from the

---

[2] At the time, Appellant was in the process of obtaining her master's degree from Harvard University.  N.T., 9/11/13, at 44, 48.

motor vehicle accident at the time he examined her. *Id.* Importantly, Dr. Sachs reviewed the same records as Dr. Allen, and noted that Appellant had continued unresolved issues pertaining to pain flowing from her cervical spine that predated the instant motor vehicle accident. *Id.* at 33-34.

After careful review of the certified record, we conclude that Appellant is not entitled to relief. The jury, as fact-finder, heard all of the above evidence and weighed it accordingly. *See generally Oesch*, *supra*. The jury was free to disregard Appellant's medical testimony and find it incredible. The jury was also free to conclude, as a matter of fact, that Appellant did have an excellent prognosis after only five physical therapy sessions and therefore the motor vehicle accident only resulted in $500.00 of damages for pain and suffering. The jury was also free to weigh Dr. Sachs' testimony and conclude none of Appellant's complaints stemmed from the motor vehicle accident itself, but from prior injuries. Regardless of the method the jury utilized to weigh the evidence, it remains that it was within the sole province of the jury. *See id.* The jury was free to "not believe [Appellant] suffered any pain and suffering[.]" *Davis*, *supra*. As an appellate court, we cannot substitute our judgment for that of the jury. *See id.* Based on these considerations, we conclude Appellant's first two issues on appeal do not warrant relief.

In her third issue, Appellant avers that the trial court erred in denying her motion for delay damages. However, before we may review the merits

of Appellant's claim, we must first ascertain whether Appellant has waived this issue.

Pennsylvania Rule of Appellate Procedure 2119 states that an appellant's "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (internal quotation marks and citations omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

In this case, Appellant's brief consists of her argument heading, followed by one block quotation to Pennsylvania Rule of Civil Procedure 238, pertaining to delay damages. Appellant's Brief at 19. Appellant then concludes her argument by stating that she sought delay damages, was denied delay damages without explanation, and that such denial was an abuse of discretion. *Id.* Appellant's brief is devoid of any discussion of how

Rule 238 applies in this case, nor does she provide any developed argument as to why she is entitled on this record to delay damages, such that the trial court erred in denying the same. It is axiomatic that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011).[3] As a result, we deem Appellant's third issue waived for want of development.

Based on the foregoing, we conclude that all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the trial court's June 16, 2014 judgment is affirmed.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2015

---

[3] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." **Lineberger v. Wyeth**, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* **Kanter v. Epstein**, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005).