J-S16003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| TAWANNA WILSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH HANNIGAN | : | No. 2488 EDA 2022 |

Appeal from the Order Entered September 14, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200800196

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 30, 2023**

Appellant, Tawanna Wilson, appeals from the trial court's September 14, 2022 order, which, *inter alia*, denied her post-trial request for a new trial limited to damages.[1] After careful review, we affirm.

On August 4, 2020, Appellant filed a lawsuit against Appellee, Joseph Hannigan, for injuries Appellant suffered in an incident on Hannigan's property. Testimony at trial proved that on November 1, 2017, Appellant rolled her right ankle by stepping on a raised PVC sewer pipe cap that Hannigan had installed on his property.

Appellant did not seek treatment on the day of the incident. The next day, November 2, 2017, Appellant went to Mercy Hospital where an evaluation

---

[1] The court entered judgment in favor of Appellant in the same order. We note that although the order is dated September 13, 2022, the trial court entered it on the docket the following day.

proved that she suffered a right ankle sprain. Although hospital staff ordered Appellant to follow up with her primary care physician in 3 to 4 days, Appellant waited over a month to seek further treatment.

On December 13, 2017, Appellant began treating with Dr. Jon Bowden for the ankle injury. At trial, Appellant described her treatment with Dr. Bowden:

> At first when I first went, the first treatment they gave me, they said it's best to start with cold. So they would put this cold pack on my leg for about 10, 15 minutes. I would go there three times a week. They do that, and then as my foot started getting better, then I could walk, I could run -- walk on the treadmill. They also gave me heat pads and also gave me -- it's this green cream. It's for topical pain, you put on topical pain, lidocaine.

N.T. Trial, 8/8/22, at 34. On June 11, 2018, Dr. Bowden discharged Appellant from his care, finding that she had made "maximal medical improvement." *Id.* at 52. Appellant also treated with an occupational therapist.[2]

Appellant avowed at trial that the ankle injury continues to affect her. She explained that if she "stay[s] on it too long and do[es] too much walking, it still swells." *Id.* at 35. She continued: "I can't walk for a long time. I can't walk 15, 20 minutes, 5 miles." *Id.* The parties also stipulated that Appellant incurred medical expenses in the amount of $2,650.

At the conclusion of trial, the jury rendered a verdict finding the parties equally at fault for the incident and awarding damages to Appellant in the

---

[2] It is not clear from the record how long Appellant attended occupational therapy, nor the substance of her treatment there.

amount of $2,650, equal to the stipulated amount of her economic damages. The court molded the verdict to $1,325 to reflect Appellant's negligence.

On August 18, 2022, Appellant filed a post-trial motion requesting, *inter alia*, a new trial limited to damages. On September 14, 2022, after conducting a hearing, the trial court denied Appellant's request for a new trial. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Did the trial court commit an error of law/abuse of discretion in failing to order a new trial on damages, where the jury decided that Hannigan was negligent, and Appellant's "uncontroverted" expert medical evidence established that Appellant suffered an objective injury, as a result of Hannigan's negligence, but only awarded Appellant her medical bills that had been stipulated to by the parties and awarded nothing for pain and suffering?

Appellant's Br. at 4 (proper nouns amended). Appellant argues that she was entitled to non-economic damages based on "uncontradicted medical evidence" that she "suffered an objective injury that resulted in pain and suffering." **Id.** at 9.

"Trial courts have broad discretion to grant or deny a new trial[ and] absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial." **Kindermann v. Cunningham**, 110 A.3d 191, 193 (Pa. Super. 2015) (citation omitted). We will find an abuse of discretion where the trial court has "rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality,

prejudice, bias, or ill will." *Mirabel v. Morales*, 57 A.3d 144, 150 (Pa. Super. 2012) (citation omitted).

"The amount of a jury verdict will rarely be held inadequate on appeal." *Dawson v. Fowler*, 558 A.2d 565, 567 (Pa. Super. 1989). "A trial court may only grant a new trial when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Neison v. Hines*, 653 A.2d 634, 636 (Pa. 1995) (citations and internal quotation marks omitted). A reversal based on the inadequacy of a verdict is appropriate only where "injustice of the verdict stands forth like a beacon." *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001) (citation omitted).

Importantly, our Supreme Court has held that "a jury's award of medical expenses without compensation for pain and suffering should not be disturbed where[, *inter alia*,] the trial court had a reasonable basis to believe that . . . the jury did not believe the plaintiff suffered any pain and suffering[.]" *Id.* at 767. Jurors are not required to "believe that every injury causes pain or the pain alleged." *Id.* at 768 (citing *Boggavarapu v. Ponist*, 542 A.2d 516, 518 (Pa. 1988)). This is because "the existence of compensable pain is an issue of credibility and juries must believe that plaintiffs suffered pain before they compensate for that pain." *Id.* at 769.

In the instant case, the trial court explained that it denied Appellant's request for a new trial because "[t]here was adequate evidence to allow a jury to believe that [Appellant] did not suffer compensable [non-]economic damages as a result of the [incident] on November 1, 2017." Trial Ct. Op.,

11/22/22, at 5. In support, the court cited evidence at trial proving that (1) Appellant suffered only a right ankle sprain, (2) her ER evaluation the following day found only "mild edema," and (3) Appellant neglected to seek prompt care following her ER visit. *Id.*

The record supports the trial court's finding. N.T. Trial, 8/8/22, at 32-34, 45-47, 50-52, 54-56. Since the record provides a reasonable basis to support the jury's finding that Appellant suffered no compensable pain and suffering, we discern no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2023