Louis CASSELLI, Appellant

v.

Robert J. POWLEN, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 2, 2007.

Filed Dec. 3, 2007.

George R. Twardy, Jr., Philadelphia, for appellant.

Frank Gerolamo, Philadelphia, for appellee.

BEFORE: DANIELS, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY DANIELS, J.:

### BACKGROUND OF CASE

¶ 1 Appellant, Louis Casselli, tripped, stumbled and fell on a sidewalk outside of Appellee, Robert Powlen's home. It is undisputed that Appellant broke a bone in his left foot in the fall. Neither does Appellee dispute the fact that Appellant incurred medical expenses of $1,578.00 for the treatment of that broken bone. The jury found that both Appellant and Appellee were each fifty percent negligent[1] in causing Appellant's fall, but, nevertheless, awarded Appellant "zero" damages. Appellant filed a motion for a new trial limited to the issue of damages, which the trial court denied.[2] Appellant does not dispute the jury's finding of his comparative negligence of fifty percent.

### QUESTION ON APPEAL

Appellant poses a single question for review by this Court on this appeal:

Did the Trial Court commit an error of law in denying Appellant's/Plaintiff's Motion for Post Trial Relief following a jury verdict of zero damage despite finding in favor of plaintiff who sustained an undisputed fracture of the fifth metatarsal of his left foot and incurred undisputed outstanding medical bills in the amount of $1,578.00, when also concluding that Appellee/Defendant's negligence was a substantial factor in bringing about plaintiff's injuries?

Brief of Appellant, p. 5.

¶ 2 Although the phrase itself does not appear in Appellant's foregoing articulation of the "Statement of Question Involved", Appellant effectively asserts on this appeal, and contends in his brief to this Court, that the jury's award of zero damages to Appellant was against the weight of the evidence, particularly given the fact that the medical treatment obtained was admitted to have been reasonable by Appellee. Brief of Appellant, pp. 11, 21–24.

### STANDARD OF REVIEW

¶ 3 Our standard of review in matters such as this has been expressed as follows:

[T]he power to grant or deny a new trial lies inherently with the trial court, and we will not reverse its decision absent a clear abuse of discretion or error of law which controlled the outcome of the case.

*Johnson v. Frazier,* 787 A.2d 433, 435 (Pa.Super.2001) (quoting *Tudor Ins. Co. v.*

---

1. Pennsylvania's comparative negligence statute, 42 Pa.C.S.A. § 7102, is of the "not greater than" variety; that is, so long as plaintiff's negligence does not exceed that of all defendants combined, recovery is not barred but is reduced proportionally.

2. The trial court's orders as to the verdict and the denial of Appellant's motion for a new trial on damages were reduced to judgment by an order entered on February 13, 2007, and this matter is, therefore, now properly before this Court on appeal.

*Twp. of Stowe,* 697 A.2d 1010, 1012 (Pa.Super.1997)).

¶ 4 And, as this Court has previously noted in *Nemirovsky v. Nemirovsky,* 776 A.2d 988 (Pa.Super.2001):

> A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. It is beyond argument that the fact-finder is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence.

*Id.* at 993.

We have also observed, however, in *Hawley v. Donahoo,* 416 Pa.Super. 469, 611 A.2d 311 (1992), that "[a] jury is not free to ignore an obvious injury." With these benchmarks in mind regarding the parameters of our scope of review in a matter such as this, we shall now proceed to the merits of Appellant's single question presented on this appeal.

### DISCUSSION

¶ 5 Here, there are very few issues that are in dispute. The parties agree as to the dollar amount of the medical expenses that Appellant incurred. Appellee does not challenge that Appellant sustained a broken bone in his foot. The jury found both parties to be equally at fault, and that each party's negligence was a substantial factor in causing the injury to Appellant. Appellant does not seek to recover damages purely for pain and suffering attributable to an injury of an unknown source or to an injury whose very occurrence is challenged. Rather, Appellant seeks to recover damages with respect to a documented and admitted injury, *i.e.,* the broken bone in his foot, and for the reimbursement to him of the reasonable amount of the medical expenses that he incurred for treatment of his injury that Appellee's counsel agreed were "reasonable", given the undisputed "broken bone [that he sustained] in his foot." (N.T., 10/5/06, p. 156).

¶ 6 Such being the case, the appellate court decisions relied upon by Appellee in support of the trial court's denial of Appellant's motion for a new trial are inapposite and do not support the trial court's refusal to award a new trial to Appellant, limited solely to the issue of damages. For, in *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988), the facts were diametrically opposed to those presented in the case at Bar, in that the medical testimony in that case controverted the specific cause of the alleged pain endured by the plaintiff. Nevertheless, a unanimous Supreme Court of Pennsylvania, speaking through Justice McDermott, observed that:

> As a general proposition victims indeed must be compensated for all that they lose and all that they suffer from the tort of another. In that proposition is subsumed that they have suffered loss and that compensable pain was inflicted.
>
> *We have held and hold now that there are injuries to which human experience teaches there is accompanying pain. Those injuries are obvious in the most ordinary sense: the broken bone,* the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, *and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering.* Pain of varying degree, may indeed follow small injury and be greater in its consequence than the initial blow. It may aggravate existing defects of the person, exploding latent diseases or precipitate, into present pain, what otherwise might have passed or been long delayed, absent the immediate injury.

*Id.* at 167, 542 A.2d at 518. (Emphasis added).

¶ 7 Coincidentally, "the broken bone" example, as referenced by Justice McDermott, is the precise injury that Appellee admits that Appellant suffered in this case. Moreover, Appellee concedes that the medical treatment that plaintiff obtained for the same was "reasonable." (N.T., 10/5/06, p. 156). On that basis alone, this case is clearly distinguishable from the facts in the *Boggavarapu* case.

¶ 8 Our decision in *Majczyk v. Oesch*, 789 A.2d 717 (Pa.Super.2001) is similarly distinguishable from the situation involved in the instant matter in that there, the defense medical expert witness denied that the plaintiff's injuries and subjective symptoms were related to the incident involved in the litigation. It was on that precise basis that we affirmed the jury's verdict in favor of the defendant-appellee. Nevertheless, we did observe in *Majczyk* that:

> [W]here a defendant concedes liability and his or her expert concedes injury resulting from the accident that would reasonably be expected to cause *compensable* pain and suffering, *the jury's verdict is against the weight of the evidence where it finds for the defendant.*

*Id.* at 722. (Emphasis Added).

¶ 9 Such is precisely the factual predicate involved in the instant matter. Appellee's counsel conceded, at trial, that Appellant's injury was caused by his fall, and further conceded that the medical treatment that Appellant received at Hahnemann Hospital and from the foot doctor from whom Appellant sought treatment thereafter was reasonable in view of the broken bone in Appellant's foot. On such basis alone, it is abundantly apparent that the jury's verdict of *"zero"* damages in this case was against the weight of the evidence.

¶ 10 Since the cases relied upon by Appellee, as referenced above, are not applicable to the case at Bar, the only basis upon which the jury could have possibly awarded *"zero"* damages is upon a finding that Appellant's particular broken bone justified no medical attention and caused no pain whatsoever. Such a finding by the jury in this case is clearly against the weight of the evidence and is in defiance of common experience and every day logic, particularly in light of the closing argument of Appellee's counsel as to the reasonableness of Appellant's medical treatment for his admitted broken bone in his foot. For, as Appellee's counsel conceded in his closing argument to the jury in that regard:

> We don't dispute that [Appellant] fell. We don't dispute that he has a broken bone in his foot. I told you that in the opening statement. *It was reasonable for him to go to Hahnemann Hospital. Of course, if someone breaks a bone in their foot, that's where you want to go, the Emergency Room. It was also reasonable for him to go to the foot doctor who he had seen previously.* (N.T., 10/5/06, p. 156) (Emphasis Added).

¶ 11 Thus, we do not say that the jury had to accept Appellant's testimony concerning the effects that his injury had on his day-to-day life, as to the duration of those effects, or even as to the levels or extent of pain which he experienced. Even the absence of a dispute as to the extent of the medical expenses that Appellant reasonably incurred did not compel the jury to accept the fact that all such expenses were necessitated by the injury. But zero is a special number. Here, an award of zero damages to Appellant (who was seventy-one years old at the time) with respect to a documented broken bone in his foot, admittedly from his fall, represents a finding by the jury that absolutely none of the medical expenses incurred by

Appellant for the medical treatment for the broken bone in his foot were related to that fall and that Appellant experienced absolutely no compensable pain whatsoever as a consequence thereof. Such is totally contrary to human experience and is in total conflict with the laws of this Commonwealth. *See Boggavarapu, supra* 542 A.2d at 518. For, as we have stated in *Hawley, supra:*

> While the jurors are the sole judges of credibility, and appellant's ... perhaps exaggerated testimony could have been perceived as an indication of appellant's interests of opportunity beyond pain which could dilute their belief in the existence of the occasion itself, *the jury is not free to ignore an obvious injury.*

*Id.* 611 A.2d at 313. *See also Bostanic v. Barker–Barto,* 936 A.2d 1084 (Pa.Super.2007) (where this Court recently determined that the trial court's grant of a new trial, following a jury's verdict in favor of defendant, did not constitute an abuse of discretion upon its finding that the evidence was not in conflict as to whether Bostanic suffered an injury because all medical expert witnesses (including those testifying on behalf of defendant) agreed that Bostanic suffered an injury as a result of the accident).

### CONCLUSION

¶ 12 Accordingly, we conclude that the jury's verdict below, awarding zero damages to Appellant, was against the weight of the evidence, and that the trial court below erred in denying Appellant's motion for a new trial limited solely to the issue of damages. Consequently, we reverse the order of the trial court below denying Appellant's motion for a new trial limited to the issue of damages, since Appellee's counsel admitted, in his closing remarks to the jury, that Appellee did not dispute the fact that Appellant had sustained a broken bone in his foot as a result of the fall, and that it was reasonable for him to go to the emergency room of Hahnemann Hospital and to a foot doctor for treatment of the same. Thus, in view of the appellate case law authority referenced hereinbefore, the trial court committed an error of law in denying Appellant's motion for a new trial limited solely to the issue of damages.

¶ 13 Reversed and remanded for a new trial limited solely to the issue of the amount of damages. Jurisdiction relinquished.

¶ 14 McEWEN, P.J.E., CONCURS IN RESULT.