J-A09019-14

2015 PA Super 30

| | |
|---|---|
| PAUL KINDERMANN JR. AND KAREN KINDERMANN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOSEPH CUNNINGHAM | |
| Appellee | No. 1604 EDA 2013 |

Appeal from the Order Entered May 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 110900205

BEFORE: BOWES, J., OTT, J., and JENKINS, J.

CONCURRING AND DISSENTING OPINION BY OTT, J.:**FILED FEBRUARY 11, 2015**

While, I agree with the Majority that the trial court did not abuse its discretion in denying the Kindermanns' request for a new trial on Wife's loss of consortium claim, I find the Kindermanns are entitled to a new trial limited to the issue of Husband's damages. Therefore, I am compelled to dissent.

In affirming the trial court's decision, the Majority focuses on the trial court's determination that the jury's award represented a "compromise verdict." *Id.* at 10, n.1.[1] Indeed, the Majority asserts that where, as here,

---

[1] The Majority charges the Kindermanns with "largely ignor[ing] the trial court's characterization of the verdict as one involving a compromise." Majority Opinion, at 4. We note, however, this "characterization" appears only in a footnote on the last page of the trial court's opinion. *See* Trial Court Opinion, 10/2/2013, at 10 n.1. Therefore, one could hardly infer that the trial court denied the Kindermanns' motion for a new trial on this basis.

liability is hotly contested, a compromise verdict "reflect[s] the jury's give and take on liability issues, resulting in damage awards that do not necessarily resemble the damages proved."  Majority Opinion, at 8.  Further, the Majority concludes the "damage award in the instant case represented the classic compromise[.]" *Id.*  For the reasons that follow, I disagree.

Appellate review of a trial court's ruling denying a motion for a new trial is deferential, and we will not "set aside a trial court's decision unless the trial court's decision was an abuse of discretion."  *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001).  Nevertheless,

> [w]e have held that it is the duty of the trial court "to control the amount of the verdict; it is in possession of all the facts as well as the atmosphere of the case, which will enable it to do more evenhanded justice between the parties than can an appellate court."  Thus, "**a jury verdict is set aside** for inadequacy when it appears to have been the product of passion, prejudice, partiality, or corruption, **or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff.**"  Hence, a "reversal on grounds of inadequacy of the verdict is appropriate only where 'the injustice of the verdict [stands] forth like a beacon.'"

*Id.* (emphasis supplied and internal citations omitted).

After a review of the record and the relevant standard of review, I conclude the jury's award to Husband "bears no reasonable relation" to the "uncontradicted evidence" of his damages since the fact that Husband suffered an injury as a result of the fall was **uncontested**, and the amount of his economic damages was **stipulated**.

- 2 -

First, I note that the facts of this case are atypical. Indeed, many of the cases awarding a new trial on damages involve a jury award of either no damages, or only economic damages, despite a **clear** finding of a defendant's sole liability for an injury that, necessarily, involved pain and suffering.[2] Conversely, here, there was no clear finding of liability on the part of Cunningham. Rather, the jury determined that both he and Husband were equally liable in causing Husband's injury.

Second, this is not a case in which either the degree of the plaintiff's injury or the underlying cause of the injury, *i.e.*, the existence of preexisting conditions, was vigorously contested so that a low damages award might

_____

[2] *See Neison v. Hines*, 653 A.2d 634 (Pa. 1995) (affirming trial court's grant of new trial on damages when defendant admitted liability, but jury entered defense verdict for no damages); *Kopytin v Aschinger*, 947 A.2d 739 (Pa. Super. 2008) (reversing trial court's denial of new trial on damages when jury found defendant negligent and negligence was a factual cause of plaintiff's harm, but awarded plaintiff only unreimbursed medical expenses), *appeal denied*, 964 A.2d 2 (Pa. 2009); *Womack v. Crowley*, 877 A.2d 1279 (Pa. Super. 2005), (affirming trial court's grant of new trial on damages when jury found defendant negligent and negligence was a substantial factor in causing injury, but awarded plaintiff only unallocated amount of $6,000, which was exact amount of future surgery), *appeal denied*, 902 A.2d 1242 (Pa. 2006); *Marsh v. Hanley*, 856 A.2d 138 (Pa. Super. 2004) (reversing trial court's denial of new trial on damages when defendant's liability was conceded, and defendant's expert conceded plaintiff suffered injuries in accident that could have taken six months to heal, but jury award reflected only amount of lost wages); *Burnhauser v. Bumberger*, 745 A.2d 1256, 1261 (Pa. Super. 2000) (affirming trial court's grant of a new trial on damages when jury found defendant negligent, both experts agreed that plaintiff suffered injuries in accident, but jury awarded plaintiff only unreimbursed medical expenses).

reflect a compromise verdict.[3] *See Matheny v. West Shore Country Club*, 648 A.2d 24, 26 (Pa. Super. 1994) (affirming trial court's denial of a new trial on damages even though defendant admitted liability and jury awarded "low" verdict; plaintiff's injuries were "subjective" and "the degree of these injuries and their etiology were hotly contested[]."), *appeal denied*,

---

[3] The cases upon which the Majority relies to support its determination that the jury award reflected a "compromise verdict" are readily distinguishable, since they involved questions regarding the causation or extent of the plaintiff's injuries. *See Catalano v. Bujak*, 642 A.2d 448 (Pa. 1994) (jury award of medical and incidental expenses, but no damages for pain and suffering or missed work, did not warrant a new trial; plaintiff claimed his wrist was injured during his DUI arrest by defendant police officer, but officer's evidence showed plaintiff never complained of injury on night of arrest and that injury was caused at work); *Gagliano v. Ditzler*, 263 A.2d 319, 320-321 (Pa. 1970) (jury award of $650 reflected compromise verdict when plaintiff's car suffered $500 worth of damage and both sides presented "conflicting evidence with respect to negligence, contributory negligence, proximate causation, and the extent of plaintiff's injuries"); *Carlson v. Bubash*, 639 A.2d 458, 461 (Pa. Super. 1994) (jury award of $7,500, molded to reflect 45% liability of plaintiff, was permissible compromise verdict where plaintiff was injured after he initiated confrontation with ex-girlfriend's new boyfriend; "[I]n a case such as this where the plaintiff's conduct was at least adventuresome, if not overtly confrontational, we would find it altogether appropriate and reasonable for the jury to exercise its power of compromise on the amount of the verdict as well as the comparative negligence determination."), *appeal denied*, 655 A.2d 982 (Pa. 1995); *Guidry v. Johns-Manville Corp.*, 547 A.2d 382 (Pa. Super. 1988) (jury award of $185,000 reflected compromise verdict when there was conflicting evidence as to cause of decedent's death, asbestos exposure or smoking, and decedent had other pre-existing conditions which might have affected life expectancy).

Conversely, in the present case, there was no dispute that the accident caused Husband's injury, or that his economic damages totaled more than $37,000.

655 A.2d 990 (Pa. 1995); **Dawson v. Fowler**, 558 A.2d 565 (Pa. Super. 1989) (affirming trial court's denial of new trial on damages when jury entered verdict finding plaintiff and defendant both 50% liable, and awarding damages only in amount of medical bills; "the degree of [plaintiff's] injury, and any resultant pain and suffering, were subject to question."), *appeal denied*, 565 A.2d 445 (Pa. 1989).

Rather, in the present case, the issue of damages was **not** vigorously contested. Although Cunningham cross-examined both Husband and Husband's treating physician regarding the duration of Husband's injury and the legitimacy of any still lingering effects,[4] he conceded the fact that Husband sustained a broken ankle as a result of the incident on the boat. Indeed, during closing remarks before the jury, counsel for Cunningham argued:

> The only real issue in the case is whether or not Mr. Cunningham was negligent in operating his boat on the day that [Husband] was out with him. That's basically it. … **[W]e're not contesting [Husband] had a broken ankle, a broken leg. He had screws put in. We're not contesting any of that. He was back to work in 14 weeks, back to full duty climbing ladders. Dr. Ahmad cleared him for work. He had no restrictions to go back to work. We're not contesting any of that.**

---

[4] **See** N.T. 4/30/2013, at 103-108 (cross-examination of Husband); Videotaped Deposition of Jamal Ahmad, M.D., 11/13/2012, at 41-45.

N.T., 5/2/2013, at 44-45 (emphasis supplied). Therefore, unlike the facts in **Matheny** and **Dawson**, here, there was no question Husband suffered an objective injury, for which he appropriately sought medical care.

Furthermore, I find the facts of the present case similar to those presented in **Casselli v. Powlen**, 937 A.2d 1137 (Pa. Super. 2007). In **Casselli**, the plaintiff tripped and fell on a sidewalk outside of the defendant's home. It was undisputed that the plaintiff broke his foot in the fall, and incurred $1,578.00 in medical expenses. The jury returned a verdict finding both the plaintiff and the defendant each 50% liable for the fall, but awarded the plaintiff "zero" damages. The trial court denied the plaintiff's motion for a new trial on damages. **Id.** at 1138.

This Court reversed on appeal, concluding that the trial court abused its discretion in denying the plaintiff's motion for a new trial when the defendant's counsel "admitted, in his closing remarks to the jury, that [the defendant] did not dispute the fact that [the plaintiff] had sustained a broken bone in his foot as a result of the fall, and that it was reasonable for him to go to the emergency room of Hahnemann Hospital and to a foot doctor for treatment of the same." **Id.** at 1141. Further, this Court opined:

> Here, an award of **zero damages** to [the plaintiff] … with respect to a documented broken bone in his foot admittedly from his fall, **represents a finding by the jury that absolutely none of the medical expenses incurred by [the plaintiff] for the medical treatment for the broken bone in his foot were related to that fall and that [the plaintiff] experienced absolutely no compensable pain whatsoever as a consequence thereof.** Such is totally contrary to human

experience and is in total conflict with the laws of this Commonwealth.

*Id.* at 1140-1141 (emphasis supplied).

I recognize in the present case the jury did not award "zero" damages, but rather awarded Husband an unallocated amount of $10,000. Had there been no evidence of Husband's medical expenses and lost wages presented to the jury, or had Cunningham **disputed** the amount of Husband's economic damages, *i.e,.* challenged the necessity of his treatment plan, I would have no basis upon which to question the jury's determination. Here, however, Cunningham **stipulated to the amount of economic damages** Husband sustained as a result of that injury. The trial court instructed the jury on these stipulations as follows:

> **The parties agree that [Husband] sustained an injury in this incident. Therefore, if you find [Cunningham] negligent, you must award [Husband] damages for those injuries.** [Husband] is entitled to be compensated for the amount of earnings that he has lost up to the time of the trial as a result of his injuries. This amount is the difference between what he could have earned but for the harm and less any sum he actually earned in any employment. In this case the attorneys have agreed that the amount alleged by [Husband] is $8,872.50.
>
> If you find [Cunningham's] negligence caused [Husband's] harm, [Husband] is entitled to be compensated in the amount of all medical expenses reasonably incurred for the diagnosis, treatment, and cure of his injuries in the past. These expenses agreed to by the attorneys are $28,541.18.

N.T., 5/2/2013, at 74 (emphasis supplied).

Our Supreme Court has explained that although a jury is free to reject all or part of a witness's testimony,

this rule is tempered by the requirement that the verdict must not be a product of passion, prejudice, partiality, or corruption, or must bear some reasonable relation to the loss suffered by the plaintiff as demonstrated by uncontroverted evidence presented at trial. **The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.**

*Neison*, *supra*, 653 A.2d at 637 (emphasis supplied and citations omitted).[5]

Accordingly, I find the jury's failure to award Husband the full amount of his economic damages "so disproportionate to the **uncontested evidence** as to defy common sense and logic[,]" since (1) it was undisputed that Husband sustained his injury in the fall, (2) his treatment for the injury (a broken ankle) was unchallenged, and (3) the defense stipulated to the amount of medical expenses and lost wages. *Id.* (emphasis supplied). *See*

_____

[5] In *Carroll v. Avallone*, 939 A.2d 872 (Pa. 2007), our Supreme Court explained the difference between uncontested evidence, which a jury may disregard, and "uncontroverted" evidence:

> [I]f there is no argument or opposition on a particular point, the jury may not be free to disregard such information. Indeed, to "controvert" means "[t]o raise arguments against; voice opposition to." "Uncontroverted" evidence, therefore, is evidence which is unopposed or unchallenged, not merely uncontradicted. If one party has the burden of proof, opposing counsel may strenuously controvert the evidence through cross-examination and argument; reasons not to accept the plaintiff's evidence may suffice to prevent the meeting of that burden, even without affirmative countervailing evidence.

*Id.* at 875 (internal citation omitted). The evidence at issue in the present case was not only "uncontroverted," it was stipulated to, and therefore, unchallenged by Cunningham.

*also Kiser v. Schulte*, 648 A.2d 1, 5-6 (Pa. 1994) (awarding plaintiff a new trial on damages when jury's award of $25,000 for survival action did not "bear any rational relationship to the uncontroverted testimony" of plaintiff's expert that death of decedent yielded a net economic loss from $230,000 to $750,000). Therefore, I conclude the trial court abused its discretion when it denied the Kindermanns' post-trial motion, and Husband is entitled to a new trial limited to damages with regard to his negligence claim.[6]

Furthermore, I also disagree with the Majority's conclusion that, on these facts, a new trial limited to the issue of damages would be "unfair." Majority Opinion, at 8. This Court's decision in *Nykiel v. Heyl*, 838 A.2d 808 (Pa. Super. 2003), is instructive.

In *Nykiel*, the minor-plaintiff was injured when the bicycle he was riding was struck by a vehicle driven by the defendant. The issue of liability was contested, and the jury returned a verdict, by special interrogatory, apportioning negligence at 50% for each party. *Id.* at 810. Despite uncontradicted evidence that the minor-plaintiff suffered a broken leg as a result of the accident, the jury awarded zero damages. *Id.*

Following post-trial motions, the trial court granted a new trial on both liability and damages. On appeal to this Court, the minor-plaintiff argued

---

[6] Because Husband's injury, a broken ankle, is the type of injury "with which pain is naturally associated," he will be entitled to **some** award for pain and suffering. *Neison*, *supra*, 653 A.2d at 638.

the trial court erred in granting a new trial on liability, as opposed to a new trial limited to the issue of damages. This Court agreed, concluding that while there was a "definite need to grant a new trial" on damages, there was "no reason that a new trial need to include the issue of liability." ***Id.*** The ***Nykiel*** Court explained:

> The liability issue was fairly litigated and, given the arguments of both parties, would appear to have been fairly resolved by the jury's conclusion that both the minor-plaintiff and Appellee were equally responsible for the accident while the additional defendants were zero percent responsible. Further, we fail to see how the minor-plaintiff's injuries bear upon the issue of responsibility for the accident. As such, we see no need to re-litigate the issue of liability. Moreover, the jury's verdict here does not meet the definition of "compromise verdict" …. Here, the jury did not return a verdict in a lesser amount than if the liability issue was free of doubt. **Rather, the jury seemingly carefully concluded that both parties were equally at fault, but then, either out of confusion or some other unexplained reason, simply disregarded the uncontroverted evidence as to the minor-plaintiff's injuries and refused to award any damages.**

***Id.*** 838 A.2d at 812 (emphasis supplied).

The same is true in the present case. The trial court properly instructed the jury on the law of comparative negligence, and explained that if the jury found "the plaintiff was contributorily negligent and the split is 50-50 or less than 50 percent on the part of the plaintiff, **then the amount of damages will be reduced by the court**[.]" N.T., 5/2/2013, at 72 (emphasis supplied). Moreover, as discussed ***supra***, the trial court **specifically** instructed the jury that if they found Cunningham negligent, and his negligence caused Husband's harm, Husband was entitled to

- 10 -

compensation (1) "for the amount of earnings that he has lost up to the time of the trial as a result of his injuries[,]" which the attorneys "agreed" was $8,872.50, and (2) "in the amount of all medical expenses reasonably incurred for the diagnosis, treatment, and cure of his injuries in the past[,]" which the attorney "agreed" was $28,541.18. *Id.* at 74. I find the question of liability in the present case was fairly determined, and not intertwined with the issue of damages, but, for some reason, the jury "simply disregarded the **uncontroverted** evidence as to [Husband's] injuries[.]" *Nykiel*, *supra*, 838 A.2d at 812 (emphasis supplied). Therefore, this case is substantially different from those cited by the Majority in which the jury was permitted to compromise damages as well as liability.

Accordingly, since I would reverse the trial court's order denying the Kindermanns a new trial limited to the issue of Husband's damages, I must respectfully dissent.