J-A15003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BENJAMIN FERRARA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH RUSSELLA, | |
| Appellant | No. 406 EDA 2014 |

Appeal from the Order Entered December 30, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2012, No. 02399

BEFORE:  BOWES, MUNDY, AND FITZGERALD* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 14, 2015**

Joseph Russella appeals from the trial court's December 30, 2013 order granting Benjamin Ferrara a new trial following a defense verdict in this negligence action arising from a rear-end motor vehicle accident. After careful review, we affirm.

On January 25, 2010, Mr. Ferrara was stopped at a red light on Broad Street in Philadelphia. A pickup truck driven by Mr. Russella struck Mr. Ferrara's vehicle in the rear with sufficient impact to force his knee into the dashboard ashtray. Mr. Russella stipulated that he was negligent in causing the accident but disputed the severity of the impact and the extent of Mr. Ferrara's injuries.

_____

* Former Justice specially assigned to the Superior Court.

At trial, Mr. Ferrara offered expert medical testimony from orthopedist Marc Zimmerman, M.D. and chiropractor James Robinson, D.C. Dr. Zimmerman testified that, due to the accident, Mr. Ferrara sustained an acute and chronic cervical sprain and strain; a small herniated disc at L4-5; acute and chronic lumbosacral sprain and strain; and a cartilage injury to his right knee. Deposition, Mark Zimmerman, M.D., 4/11/13, at 53-55. It was his professional opinion that the injuries were permanent.

Dr. Robinson testified that he initially examined Mr. Ferrara on October 9, 2010. Mr. Ferrara reported ongoing right neck pain following the motor vehicle accident despite taking an anti-inflammatory medication for pain relief. N.T., 5/15/13, at 12-13. He also had intermittent bilateral low back pain that increased with walking and right knee pain. Dr. Robinson's objective tests were consistent with Mr. Ferrara's subjective complaints. Due to low back pain, Mr. Ferrara had range of motion issues when bending, extending, turning, twisting and leaning. Dr. Robinson treated him with ultrasound, spinal manipulation, extremity manipulation, and myofascial release one to two times per week for seven months. *Id*. at 15.

Dr. Robinson also testified that the MRI of the right knee demonstrated a "cartilage injury to the non-weightbearing aspect of the medial femoral condyle." *Id*. at 21. Using the MRI, he pointed out to the jury the cartilage defect and explained that it was grade III, which meant the defect was "more than fifty percent torn," with a grade IV being a tear all the way to

the bone. He testified that the MRI of the lumbar region depicted a herniated disc at L4-5; the neck MRI showed alignment changes in the cervical spine due to muscle spasms caused by acute injury. Dr. Robinson attributed all of the injuries to the motor vehicle accident and opined that the herniated disc and the cartilage defect were permanent. *Id*. at 40. He recommended injections to control the neck pain. All of Dr. Robinson's opinions were rendered to a reasonable degree of chiropractic certainty. *Id*. at 42.

Defense expert Gary W. Muller, M.D., was asked what injuries, if any, Mr. Ferrara sustained in the 2010 motor vehicle accident. He agreed with Mr. Ferrara's medical experts that he sustained a cervical and lumbar spine sprain and strain superimposed on minor degenerative changes. The physician disagreed, however, that the small disc herniation was related to the accident. Regarding the knee, Dr. Muller concluded that Mr. Ferrara sustained a contusion, a bad bruise, and he attributed the cartilage injury to an unidentified prior knee injury. On cross-examination, Dr. Muller agreed that Mr. Ferrara's complaints of neck, back, and knee pain were consistent from the time of the motor vehicle accident until his examination on September 12, 2012.

Dr. Dan Nguyen, M.D., a neuro-radiologist, testified via videotaped deposition. He reviewed only the MRIs of Mr. Ferrara's neck and back, not the knee, and expressly stated that he had no opinion whether Mr. Ferrara

- 3 -

sustained an injury to the knee cartilage in the accident. Deposition, Dan Nguyen, 2/6/12, at 41. Although he did not see evidence of an acute injury on the MRIs of the back and neck, *id*. at 53, he declined to render an opinion whether Mr. Ferrara was injured in the accident since he had not met him. *Id*. at 50. Instead, he referred the question whether Mr. Ferrara was injured to the physicians who treated him.

Based on the foregoing evidence, the trial court instructed the jury that the parties agreed that Mr. Russella was negligent, and "the parties' medical experts agree that the negligence caused some injury to the plaintiff. You must therefore award damages for the injuries the plaintiff sustained from the motor vehicle accident." N.T. Trial (Jury), 5/16/13, at 122. It added:

> The parties disagree, however, on the extent and the seriousness of the plaintiff's injury the defendant caused. Therefore, you must decide the extent of the injuries the defendant caused and return a fair and just verdict in accordance with the law on damages that I'm going to discuss now.

*Id*. The court then explained the five categories of damages that comprise non-economic loss, both past and future. It informed the jury that damages should be awarded for all related injuries, even if a pre-existing injury was aggravated by the accident. *Id*. at 125.

The court submitted the following verdict slip to the jury:

Question 1: Do you find that the negligence of defendant, Joseph Russella, was a factual cause of injury to plaintiff, as a result of the subject motor vehicle accident?

    _____                   _____

     YES                        NO

(If you answer "No," you need not answer any of the other questions on this form, please return to the Courtroom. If you answer "yes," please proceed to Question 2.).

1. Question 2: What is the total amount of damages, if any, you award to plaintiff?

$_____

Verdict Slip. Mr. Ferrara objected to the factual cause question and maintained that the jury was required to award damages based on uncontroverted evidence of some injury.

After the jury was excused to begin its deliberations, it sent a note to the court asking: "If the accident aggravated preexisting injuries, satisfies the question at hand." N.T. Trial (Jury), 5/17/13, at 4. In response to that question, Mr. Ferrara asked the court to reread that portion of its instruction that dealt with aggravation of pre-existing injuries. The court decided instead to instruct the jury that the question was for it to decide. *Id*.

The jury reached a verdict on May 17, 2013. In rendering the verdict, the jury foreperson responded in the negative to the question whether the negligence of the defendant was a factual cause of the injury to plaintiff. Despite its negative response to the first question and the direction to

proceed no further, the jury had answered the second question and awarded zero damages.

After the verdict, Mr. Ferrara's counsel formally placed several objections on the record, including an objection to the court's refusal to re-instruct the jury on aggravation of injuries. Counsel also moved for judgment notwithstanding the verdict (JNOV) based on the inconsistency between the court's instruction and the verdict slip. Given the stipulated negligence and the fact that it was undisputed that Mr. Ferrara sustained some injury in the accident, Counsel maintained the court was correct in instructing the jury to award damages for those injuries. **See** Pa.S.S.J.I. (Civ.) 7.50.[1] However, the verdict slip, which asked the jury to determine

---

[1] Pa.S.S.J.I. (Civ.) 7.50 DAMAGES IN CASES OF UNDISPUTED NEGLIGENCE AND INJURY

> The parties agree that the defendant was negligent and [the parties] [medical experts] agree that the negligence caused some injury to the plaintiff. Therefore, you must answer "yes" on the Verdict/Jury Interrogatory to Question # 1 and Question # 2 [whether the defendant was negligent or whether the defendant's negligence was the 'factual cause' of harm to the plaintiff].

> You must therefore at least award some damages for those [uncontested] [agreed-upon] injuries [specify damages--e.g., medical bills, lost wages, pain and suffering, etc.].

> The parties disagree, however, on the extent of the plaintiff's injuries the defendant caused. Therefore, you must decide the extent of the injuries the defendant caused and return a fair and

*(Footnote Continued Next Page)*

whether the defendant's negligence was a factual cause of injury, was incorrect and inconsistent with the instruction and the evidence. The second question was also inconsistent because it asked the jury what, **if any**, damages the plaintiff sustained. Counsel for Mr. Ferrara maintained that the jury should have been directed to award damages for the uncontroverted injuries.

The defense took issue with plaintiff's characterization of the evidence. Defense counsel argued that Dr. Nguyen did not concede that plaintiff sustained an injury, and suggested that perhaps the jury found him credible "that there was no injury related to this accident." *Id*. at 16. Mr. Ferrara's counsel disputed the import of Dr. Nguyen's testimony. Counsel maintained that Dr. Nguyen testified that he did not know whether Mr. Ferrara was injured, not that he was not injured. Moreover, Dr. Muller agreed with plaintiff's expert Dr. Zimmerman that there was injury to plaintiff's neck, back and knee, but disagreed that the herniation or cartilage defect resulted from the accident. *Id*.

Mr. Ferrara filed a motion for post-trial relief, Mr. Russella filed a response, and both parties submitted briefs. On December 30, 2013, the court denied Mr. Ferraro's motion for JNOV but granted his motion for a new

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> just verdict in accordance with the law on damages that I will discuss in greater detail now.

trial on all issues. Mr. Russella timely appealed from that order and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court penned its Rule 1925(a) opinion, and the following issues have been presented for our review:

1. Did the Trial Court properly submit the question of factual cause to the Jury and, therefore, err in granting a new trial on the basis of this submission, when the defendant challenged causation through all phases of the litigation and presented conflicting medical testimony as to whether the defendant's negligence was the factual cause of plaintiff's injuries?

2. Did the Trial Court err in granting plaintiff's post-trial motion as to all issues where the Jury appropriately awarded plaintiff zero dollars in compensable damage notwithstanding its response to the factual cause interrogatory?

3. Did the Trial Court err in granting plaintiff a new trial based on the undisputed injury instruction, because the Jury's receipt of this instruction was harmless error?

Appellant's brief at 5.

We have long-recognized that

> "Trial courts have broad discretion to grant or deny a new trial . . . [and,] absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial." ***Harman ex rel. Harman v. Borah***, 562 Pa. 455, 756 A.2d 1116, 1121-1122 (Pa. 2000) (internal quotations and citations omitted).

> ***Banohashim v. R.S. Enters., LLC***, 77 A.3d 14, 22-23 (Pa.Super. 2013).

***Kindermann v. Cunningham***, 110 A.3d 191, 193 (Pa.Super. 2015).

In reviewing the grant or denial of a new trial, we take a dual-pronged approach. First, we examine the decision of the trial court that a mistake occurred, applying the proper scope of review based on the rationale of the trial court. **Huber v. Etkin**, 58 A.3d 772 (Pa.Super. 2012). Where the trial court articulates a single mistake or a finite set of mistakes, our review is limited in scope to the stated reason(s), and we must review the decision under the appropriate standard. **Morrison v. Department of Public Welfare**, 646 A.2d 565 (Pa. 1994). Where the trial court has left open the possibility that other reasons may have warranted a new trial or orders a new trial in the interest of justice, we apply a broad scope of review and examine the entire record. "If the mistake concerned an error of law, the court will scrutinize for legal error." **Id**. at 776. In essence, we are examining the validity of the trial court's legal justification for a new trial. **Coker v. S.M. Flickinger Company, Inc.**, 625 A.2d 1181, 1184 (Pa. 1993). "If there were no mistakes at trial, the appellate court must reverse a decision by the trial court to grant a new trial because the trial court cannot order a new trial where no error of law or abuse of discretion occurred." **Huber**, **supra** at 776.

In the instant case, the trial court granted a new trial "because the Jury Verdict Sheet should have clearly reflected the testimony of all the experts." Trial Court Opinion, 6/6/14, at 7. Specifically, the trial court concluded that the first question should have apprised the jury that all the

experts agreed that the defendant's negligence caused some injury to the plaintiff and that they must award some damages. The court also decided that the second question, which asked the jury to award damages, should not have included the "if any" language. *Id*. at 8. Instead, the special interrogatory should have asked the jury to award damages for those injuries factually caused by the defendant's negligence. The court ruled that, since it was undisputed at trial that the plaintiff sustained some injury due to Mr. Ferrara's negligence, an award of zero damages was improper.

Mr. Russella disputes that the evidence of some causally-related injury to Mr. Ferrara was uncontroverted. He argues that, contrary to the trial court's representation, Dr. Nguyen did not concede that Mr. Ferrara sustained any injury, and thus, the first question on the verdict slip was appropriate. He maintains that the expert testified that Mr. Ferrara did not sustain an injury, and that this testimony was in direct conflict with Mr. Ferrara's experts. Thus, he contends, the jury was entitled to find no factual cause based on the conflicting evidence and the verdict form was correct. Mr. Russella relies upon **Holland v. Zelnick**, 478 A.2d 885 (Pa.Super. 1984), and **Henery v. Shadle**, 661 A.2d 439 (Pa.Super. 1995), for the proposition that the jury is entitled to find no factual cause of injury in the face of conflicting expert medical evidence regarding causation or to award zero damages for *de minimus* pain and suffering. In both cited cases, the

defense presented expert medical testimony that the plaintiff's pain was not related to the accident.

After reviewing Dr. Nguyen's testimony in its entirety, we agree with the trial court that he did not render any causation opinion. Dr. Nguyen certainly did not offer expert opinion that Mr. Ferrara did **not** sustain an injury. In fact, he refused to do so. Dr. Nguyen's opinion was limited to his review of the MRIs of Mr. Ferrara's neck and back. He did not review any other medical records or reports; he did not examine Mr. Ferrara; he admittedly did not know how the motor vehicle accident occurred. Nguyen Deposition, 2/6/12, at 19, 20. When asked if he agreed with Dr. Zimmerman's diagnosis of the plaintiff's injuries, he responded, "I cannot make that assessment." *Id*. at 36. He added that reviewing the reports of treating physicians "is beyond the scope of my expertise." *Id*. at 37. Although he opined the MRIs did not reveal traumatic injury to Mr. Ferrara's back and neck and were consistent with degenerative disease, the expert expressly refused to render an opinion that Mr. Ferrara was not injured. He deferred to Mr. Ferrara's treating physicians for the response to that inquiry.

We infer from Dr. Nguyen's deference to the physicians who treated Mr. Ferrara that the absence of evidence of trauma on the back and neck MRIs was inconclusive as to whether Mr. Ferraro was injured. Furthermore, Dr. Nguyen did not review the MRI of Mr. Ferrara's knee and stated that he had no opinion as to whether the knee injury was related to the accident.

*Id*. at 41. In short, Dr. Nguyen did not render an expert medical opinion as to whether or not Mr. Ferrara was injured in the accident.

The remaining defense expert, Dr. Muller, conceded that Mr. Ferrara was injured, but disagreed with Mr. Ferrara's experts as to the extent of the injuries. Thus, the only defense expert to render an opinion on causation, Dr. Muller, conceded that some injuries were related to the accident. Hence, the record reveals that the expert medical testimony was conflicting only as to the extent of the injuries attributable to the defendant's negligence and not as to whether the defendant's negligence was the factual cause of some injuries.

As succinctly stated in **Andrews v. Jackson**, 800 A.2d 959 (Pa.Super. 2002), "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." **See also Womack v. Crowley**, 877 A.2d 1279 (Pa.Super. 2005); **Neison v. Hines**, 653 A.2d 634, 637 (Pa. 1995); **Mietelski v. Banks**, 854 A.2d 579, 583 (Pa.Super. 2004). The Comment to Pa.S.S.J.I. (Civ.) 7.50 provides that, "when both medical experts agree that the plaintiff sustained some injury in the accident, it would be a reversible error for the court not to instruct the jury to answer 'yes' to the question of whether or not the

defendant's negligence was a factual cause in bringing about any injury to the plaintiff."

In **Mietelski**, as herein, it was conceded that some, but not all, injuries were incurred in the accident. In that case, however, the court removed the factual causation issue entirely from the jury's consideration. The verdict slip did not ask the jury to determine whether the defendant's negligence was a substantial factor in causing the disputed injuries. We held that the jury should have been instructed that the defendant was liable only for those injuries caused by the defendant's negligence. It was not empowered, however, to reject the uncontroverted evidence that some injury has resulted from the accident.

The court's instruction, which was modeled after Pa.S.S.J.I. (Civ.) 7.50, was appropriate. Mr. Russella had stipulated to negligence; it was undisputed that his negligence caused **some** injury to Mr. Ferrara. The verdict form, however, improperly permitted the jury to reject undisputed evidence that Mr. Russella's negligence caused some injury. For these reasons, we agree that the trial court erred when it overruled Mr. Ferrara's objection to the verdict slip and submitted the factual causation issue to the jury as to both the disputed and undisputed injuries. The factual cause question on the verdict slip was inconsistent with the court's instruction and permitted the jury to find no factual causation in the face of uncontroverted evidence of some accident-related injuries. The verdict slip should have

made a distinction between conceded injuries and disputed injuries and required a jury determination of factual cause as to the latter.

Mr. Russella contends that any error in the verdict slip was harmless for two reasons. First, he argues that, although Mr. Ferrara received the benefit of an instruction of undisputed negligence and undisputed injury, the jury still found no factual cause. Mr. Russella's argument merely highlights why a new trial was warranted: the error in the verdict form invited the jury to disregard uncontroverted testimony of injury factually caused by the accident, which it was not free to do.

Second, Mr. Russella argues that, even if factual cause was improperly submitted to the jury, the error was harmless because the jury awarded zero damages. He maintains that it was within the jury's province to award no damages if it believed the plaintiff sustained no compensable injury and *de minimus* pain and suffering. He cites a number of cases for the principle that, even where negligence is conceded, the jury is free to refuse to award damages for subjective pain and suffering that is transient and minimal. **See Davis v. Mullen**, 773 A.2d 764 (Pa. 2001); **Boggavarapu v. Ponist**, 542 A.2d 516 (Pa. 1988).

Mr. Russella's argument misses the mark. First, the trial court did not conclude that factual cause should not have been submitted to the jury. Rather, it concluded that the issue was presented inconsistently with its instructions and the applicable law. The jury should have been directed to

determine whether the defendant's negligence was a factual cause of the disputed injuries, *i.e.*, the herniated disc, the annular tear, and the grade III cartilage defect. Trial Court Opinion, 6/6/14, at 7-8. **Cf**. **Mietelski**, **supra** (in rear-ender where the defendant admitted liability for some of the injuries, but contested the causal relationship between the accident and other injuries, court erred in failing to instruct jury on need for causal link between negligence and those injuries). We concur in the trial court's assessment of its mistake.

Secondly, given the error in the factual cause question, Mr. Russella is merely speculating that a zero award indicated a jury finding that Mr. Ferrara's pain and suffering did not warrant an award. We find it just as plausible that the jury's award of zero damages was simply entered to be consistent with its answer to the first question, *i.e.*, that the defendant's negligence was not the factual cause of injury to Mr. Ferrara.[2]

Mr. Russella devotes much of his argument to his contention that the jury, as the sole judge of credibility, had the prerogative to disregard uncontroverted evidence of injury and find no pain and suffering. He cites **Davis v. Mullen**, 773 A.2d 764, 767 (Pa. 2001) (upholding jury award of sum for medical bills but nothing for pain and suffering) and **Boggavarapu**

---

[2] Mr. Ferrara also argued that the jury's finding of no factual causation/zero damages was due to its confusion as to whether aggravation of a pre-existing condition was sufficient to support liability.

***v. Ponist***, 542 A.2d 516 (Pa. 1988) (upholding award of small sum for cost of emergency room treatment and zero damages for pain and suffering), for the proposition that, even in the face of uncontroverted injury, a jury award of zero for pain and suffering is not necessarily against the weight of the evidence.

In both ***Davis*** and ***Boggavarapu***, however, there was no error in either the instructions or the verdict slip that allegedly contributed to the verdict. The jury found factual causation, awarded sums for medical bills, but declined to award damages for pain and suffering. The issue was whether the verdict was against the weight of the evidence, which is not the issue facing us herein. In ***Davis***, the Supreme Court held that the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, and/or (2) a preexisting condition or injury was the sole cause of the alleged pain and suffering. In ***Boggavarapu***, our High Court stated that a jury is not compelled to believe that a dog bite or puncture by a needle causes compensable pain. "They may believe that it is a transient rub of life and living, a momentary stab of fear and pain, or neither." ***Boggavarapu***, ***supra*** at 518.

On the other hand, the ***Boggavarapu*** Court recognized that

[T]here are injuries to which human experience teaches us there is accompanying pain. Those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical

- 16 -

science and common experience as sources of pain and suffering.

*Id*. In **Hawley v. Donahoo**, 611 A.2d 311 (Pa.Super. 1992), where the defendant conceded liability and that the plaintiff suffered a compression fracture of a vertebra as a result of the accident, we found the jury's refusal to believe in the existence of any injury unwarranted.

As we held in **Majczyk v. Oesch**, 789 A.2d 717, 721 (Pa.Super. 2001) (*en banc*), "[t]the synthesis of these opinions is that where a defendant concedes liability and his or her expert concedes injury resulting from the accident that would reasonably be expected to cause compensable pain and suffering, the jury's verdict is against the weight of the evidence where it finds for the defendant." Where the injury is obvious and liability is clear, an award of zero damages historically has been overturned as against the weight of the evidence. **Casselli v. Powlen**, 937 A.2d 1137 (Pa.Super. 2007).

In the instant case, there was legal error in the verdict slip that permitted the jury to ignore conceded liability and related injury. Mr. Russella would have us deem the legal error harmless because the result, a zero verdict, could have occurred anyway. The issue herein is not whether the verdict was against the weight of the evidence but whether the trial court abused its discretion in finding that error in the verdict form compelled a new trial. We agree with the trial court that the verdict form was

inconsistent with the trial court's instructions and erroneously invited the jury to find no factual causation of any injury despite admitted negligence and uncontroverted expert testimony that the accident resulted in some injury to Mr. Ferrara. That error contributed to the verdict. We find no abuse of discretion in the trial court's award of a new trial on that basis.

Order granting new trial affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015